FILED
DEC 10 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Karen F. Long, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10 2099 |
| ) | |
| Shawn Kenfick, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Oxon Hill, Maryland, sues an individual apparently associated with Burlington Coat Factory in District Heights, Maryland. The complaint, consisting of scribbling and disjointed phrases, fails to provide any notice of a claim or the basis of federal court jurisdiction.[1] A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ 
United States District Judge

Date: December 2, 2010

---

[1] This complaint is one of nine such submissions received by the Clerk's Office on the same day. Each complaint names a different defendant but is otherwise the same. Moreover, similar complaints were dismissed in August, September and November of this year for the same reasons. Plaintiff is warned that her persistence in filing similar lawsuits may result in the imposition of restrictions on her ability to file cases in this Court.